IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

TERRY M. REED,                          )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )   CASE NO. 2:22-CV-437-MHT-KFP
                                        )
DENNY L. STRICKLAND, II, et al.,        )
                                        )
        Defendants.                     )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Proceeding pro se, Plaintiff Terry M. Reed filed this action pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 against 21 defendants.[1] Doc. 1. His Complaint seeks various forms of recovery for an alleged conspiracy to violate his constitutional rights: $15,000,000 in compensatory damages, $15,000,000 in "declaratory damages,"[2] and $15,000,000 in punitive damages. Doc. 1 at 17. In response, 14 defendants filed 11 motions to dismiss.[3] After prompting by the Court (*see* Doc. 51), Reed filed a response to the pending motions (Doc. 53). In this Order, the Court will address seven of the eleven motions, filed by the following Defendants: the Estate of Michael Sanders (Doc. 26); Attorney Christian Lukjan

---

[1] Reed identified the following parties as Defendants: Denny L. Strickland, II, as father and next friend of minor child, deceased; Denny L. Strickland, III; the Estate of Michael Sanders; John Paul Boswell; Wesley Lavon Pearson, Jr.; Ellise Washington; Lakeisha Randall; Judge Reagan; Judge Clark; Sheriff Thomas; Officer Faulkner; Officer Odom; Officer Irsik; Green Diamond; Coastal Plain; Nest Egg; H & E Timber Company, Inc.; Kirk Hildebrandt; Michael Danquer; Progressive; and Lukjan. *See* Doc. 1.

[2] Declaratory relief is a declaration of "the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. Reed's Complaint does not seek any such declaration. Accordingly, the Court interprets Reed's request for "declaratory damages" as one for monetary damages.

[3] Four of the remaining seven defendants have not been served, and three have been served but have not answered or otherwise responded to the Complaint.

(Doc. 28), Progressive Specialty Insurance Company[4] (Doc. 32), Judges Shannon Clark and Sonny Reagan (Doc. 37), Green Diamond Management Co., Inc. (Doc. 44), Nest Egg Farms, LLC (Doc. 48), and Coastal Plain Land and Timber Company, LLC (Doc. 49). The remaining motions will be addressed in separate orders.

Upon consideration of these Defendants' motions, along with supporting evidence and Reed's response, the undersigned RECOMMENDS that the motions be GRANTED and that the case against these Defendants be DISMISSED.

## I.    JURISDICTION AND VENUE

The Court has subject matter jurisdiction over this action based on federal question jurisdiction, 28 U.S.C. § 1331, as Reed appears to allege claims under 42 U.S.C. §§ 1983, 1985, and 1986. *See Bell v. Hood*, 327 U.S. 678, 681–82 (1946) ("Jurisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action" as that determination "calls for a judgment on the merits and not for a dismissal for want of jurisdiction."). Personal jurisdiction is uncontested as to the eight Defendants addressed in this Order, and the Court concludes that venue properly lies in the Middle District of Alabama. *See* 28 U.S.C. § 1391.

## II.    LEGAL STANDARD

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and each factual allegation should be "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2) &

---

[4] Reed's Complaint erroneously refers to Progressive as "Progressive Insurance Company." *See* Doc. 1; *see also* Doc. 32 at 1.

(d)(1). While detailed factual allegations are not required, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). A plaintiff must present "more than an unadorned, the defendant-unlawfully-harmed-me accusation. . . . A pleading that offers 'labels and conclusions' . . . will not do . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 544, 555, 557). Put differently, to "'state a claim to relief that is plausible on its face[,]'" a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 570).

While pro se pleadings are held to a lesser standard than those prepared by attorneys and "thus are construed liberally," *see Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008), pro se litigants still must comply with the Federal Rules of Civil Procedure, *Giles v. Wal-Mart Distrib. Ctr.*, 359 F. App'x 91, 93 (11th Cir. 2009). "[T]his leniency [to pro se litigants] does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Odion v. Google Inc.*, 628 F. App'x 635, 637 (11th Cir. 2015).

## III.   FACTUAL BACKGROUND

The allegations in Reed's Complaint stem from three separate occurrences: a 2016 criminal case in which Reed was the defendant, two automobile collisions on July 29, 2019, and a civil lawsuit related to the collisions. His Complaint casts a wide net, and he has seemingly named any individual involved in these three occurrences as defendants,

including law enforcement officers, judges, attorneys, insurance adjustors, an estate, an insurance company, and other companies.[5]

### A.     Reed's Prior Criminal Proceeding

Public records show that in 2016, Reed was indicted in Pike County for fraud.[6] *See* Consolidated Case Action Summary, *State of Alabama v. Reed Terry McCray*, Circuit Court No. 55-CC-2016-314. Judge Clark presided over the Pike County criminal case, and Christian Lukjan served as Reed's attorney. *See id.* In 2021, Reed was convicted of the charges at trial, at which point an arrest order was issued. *See id.* Notably, Reed's arrest warrant remains pending. As a result, he has not been sentenced. *See id.* Reed filed an appeal that is held in abeyance until his sentencing. *See id.* Accordingly, the criminal case remains ongoing.

### B.     The July 29 Collisions

On July 29, 2019, two collisions occurred on Henderson Highway in Troy, Alabama. *See* Docs. 1 at 4–7, 1-2. The first collision involved a log truck driven by West Wheeler, Jr. with passenger Reed and a vehicle driven by Michael Sanders with passengers Denny Strickland III and John Paul Boswell. Doc. 1 at 10–12. Sanders's vehicle struck

---

[5] The Court takes judicial notice of several documents in the state court records, which are outside of the Complaint. When a court deciding a motion to dismiss considers documents beyond the complaint, the motion is typically converted to one for summary judgment. *Finn v. Gunter*, 722 F.2d 711, 713 (11th Cir. 1984). However, the conversion rule does not apply if the court takes judicial notice. *See Baker v. City of Madison, Alabama, et al.*, No. 22-10732, 2023 WL 3220975, at *5 (11th Cir. 2023) (citations omitted). Accordingly, the Court's consideration of the referenced outside documents does not convert the motion to dismiss into one for summary judgment.

[6] The Court obtained relevant information regarding this Pike County lawsuit, bearing Case No. 55-CC-2016-314, from the state court entries for the Circuit Court of Pike County, Alabama, as maintained by the Alabama Trial Court System and hosted at www.alacourt.com. The Court takes judicial notice over the public records in this case. *See Universal Express, Inc. v. U.S. S.E.C.*, 177 F. App'x 52, 53 (11th Cir. 2006) (citation omitted).

Wheeler's log truck shortly after it entered Henderson Highway. *Id.* After Reed and Wheeler exited the truck to assist Sanders and his passengers, a third vehicle driven by Wesley Pearson struck both Reed and Wheeler. *Id.* at 9–12. The collisions resulted in the deaths of Wheeler, Sanders, and Strickland; Reed and Boswell were seriously injured. *Id.* at 10. According to Reed's Complaint, Sheriff Thomas and Officers Odom, Irsik, and Faulkner responded to the collisions. *Id.* at 4–7.

### C.    Reed's Prior Civil Proceeding and Settlement

Public records show that in 2019, Reed filed a lawsuit in Pike County for injuries he sustained in the July 29 collisions.[7] *See* Consolidated Case Action Summary, *Reed v. Person et al.*, Circuit Court No. 55-CV-2019-900221. Judge Reagan presided over this matter, and Lakeisha Randall and Ellise Washington were Reed's attorneys. *See id.* Judge Reagan consolidated Reed's case with other lawsuits related to the collisions.[8] *See* Consolidated Case Action Summary, *Denny L. Strickland, II et al. v. Circle W. Trucking et al.*, Circuit Court No. 55-CV-2019-900151. The Pike County defendants' insurance carriers settled the case at mediation. *See id.* In April 2021, the Circuit Court's order approving the Notice of Settlement and Joint Motion for Partial Disbursal of Interpleader Funds required Reed to receive funds as part of the settlement in that case. *See id.* at Doc. 550. Under the settlement agreement, which is a part of that court's record, Reed was due

---

[7] The Court obtained relevant information regarding this lawsuit, bearing Case No. 55-CV-2019-900221, from the state court entries for the Circuit Court of Pike County, Alabama, as maintained by the Alabama Trial Court System and hosted at www.alacourt.com. The Court takes judicial notice over the public records in this case. *See Universal Express*, 177 F. App'x at 53 (citation omitted).

[8] In the present case, Reed sued several of his former co-plaintiffs from his civil proceeding—Denny L. Strickland, II, the Estate of Michael Sanders, Boswell, and Person—and several defendants from that proceeding—Person, H & E Timber, Nest Egg, Coastal Plain, and Green Diamond.

to receive $500,000 upon executing a Settlement and Release Agreement, and his lawsuit was dismissed with prejudice. *See id.* at Doc. 584.

## IV.   DISCUSSION

Reed's Complaint scarcely mentions the federal laws under which he seeks relief. Aside from his statement of jurisdiction, he mentions the federal statutes purportedly underlying his Complaint only in the case's caption, which reads, "Claim under 42 U.S.C.S. 1983, 1985, and 1986 and wrongful death."[9] *See* Doc. 1 at 1–2. His Complaint teeters on the line of frivolity, and some allegations appear untethered to reality. Although Reed paid the filing fee to pursue this action, the Court maintains inherent authority to dismiss his case if it finds it frivolous. *See Cuyler v. Aurora Loan Services, LLC*, 2012 WL 10488184 at * 2 (11th Cir. 2012) (notwithstanding filing fee payment, "a district court has the inherent authority to dismiss a patently frivolous complaint"); *Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 n.3 (11th Cir. 1983) (noting that courts may *sua sponte* dismiss actions lacking merit "if the proper procedural steps are taken and if the determination is correct on the merits"); *Davis v. Kvalheim*, 261 F. App'x. 231, 234 (11th Cir. 2008) ("[D]istrict courts have the inherent power to *sua sponte* dismiss frivolous suits without giving notice to the parties.") (citing *Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 (11th Cir. 1983)). A complaint may

---

[9] Disregarding the caption, Reed's Complaint never mentions the phrase "wrongful death" and does not refer to an applicable statute. Doc. 1. Merely adding a "wrongful death" label to a caption is insufficient to raise a plausible claim or include factual allegations that could be construed as intended for such a claim. *See Ashcroft*, 556 U.S. at 678. Regardless, Reed has not alleged he is Wheeler's personal representative, so he lacks standing to bring a wrongful death claim on Wheeler's behalf. *See Rowe v. United States*, No. 2:19-CV-107-MHT-SRW, 2022 WL 722333, at *4 (M.D. Ala. 2022) (citations omitted).

be deemed "frivolous" when the Court discerns from its face "that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Davis*, At 235 (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (discussing "frivolity" in the context of 28 U.S.C. § 1915). Reed's allegations creep very close "to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33.

The Court strains to apply a liberal interpretation to Reed's pro se allegations. *See, e.g. Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). He alleges the defendants conspired to violate his Fourth, Fifth, Seventh, Eighth, and Fourteenth Amendment rights. *See* Doc. 1. However, the Complaint contains no allegations of wrongdoing relevant to the Fourth, Fifth, Seventh, or Eighth Amendments.[10] In his response, Reed asserts that Judge Clark violated his Fifth and Sixth Amendment rights "to be present at trial and confront his accusers, and his Fourteenth Amendment right to due process." Doc. 53 at 11. However, Reed did not make these allegations in his Complaint, and, if he had, these claims would still be subject to dismissal for the reasons explained below. Thus, the Court interprets Reed's Complaint to allege that Defendants are liable under § 1983 for violations of his Fourteenth Amendment rights and under 42 U.S.C. §§ 1985 and 1986 for conspiring to violate those rights. Taking his allegations as true, which the Court must do when

---

[10] The Fourth Amendment protects against unreasonable searches and seizures. U.S. Const. Amend. IV. Reed makes no allegations related to searches or seizures. The Fifth Amendment ensures certain rights in criminal and civil proceedings that are not applicable here either. *See* U.S. Const. Amend. V. The Seventh Amendment protects the right to a jury trial in certain civil cases. U.S. Const. Amend. VII. Reed makes no claims implicating this amendment. The Eighth Amendment prohibits cruel and unusual punishment. U.S. Const. Amend. VIII. Again, Reed makes no claims relevant to this amendment.

evaluating a motion to dismiss, *Walker Process Equip., Inc. v. Food Mach. & Chem. Corp.*, 382 U.S. 172, 174–75 (1965), Reed has not stated any plausible claim for relief on these grounds against the eight Defendants addressed below.

### A.   Reed cannot state §§ 1983, 1985, or 1986 claims against Judges Clark and Reagan because they are entitled to judicial immunity.

Where an affirmative defense clearly precludes a claim, a court may dismiss it for failure to state a claim. *See Sibley v. Lando*, 437 F.3d 1067, 1070 n.2 (11th Cir. 2005) (per curiam); *see also LeFrere v. Quezada*, 582 F.3d 1260, 1263 (11th Cir. 2009). "Accordingly, a district court may dismiss a complaint for failure to state a claim based upon the affirmative defense of judicial immunity because 'the defense is an obvious bar given the allegations.'" *Murphy v. Stacy*, 809 F. App'x 677, 682 (11th Cir. 2020) (citing *Sibley*, 437 F.3d at 1070 n.2). Reed's Complaint seeks damages from Judges Clark and Reagan for actions taken while presiding over his criminal and civil cases.

Judicial immunity is immunity from suit, not just from the ultimate assessment of damages, and it applies even when the judge's action was in error, done maliciously, or taken in excess of his authority. *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (quotation marks and citation omitted); *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (holding judicial immunity is not overcome by allegations of bad faith or malice). Immunity may be overcome only if a judge did not act within his judicial capacity or if his actions were taken in the complete absence of all jurisdiction. *Stump*, 435 U.S. at 356–57. The "relevant inquiry is the nature and function of the act, not the act itself." *Mireles*, 502 U.S. at 13 (quotation marks and citation omitted). Whether an act is "judicial" depends on "whether

it is a function normally performed by a judge" and whether the parties "dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362. This immunity applies in § 1983 proceedings, *Wahl v. McIver*, 773 F.2d 1169, 1172 (11th Cir. 1985) (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)), and in § 1985 proceedings, *Muhammad v. Bethel-Muhammad*, No. 11-0690-WS-B, 2012 WL 1854564, at *4 (S.D. Ala. May 21, 2012) (citing *Scott v. Hayes*, 719 F.2d 1562, 1564 (11th Cir. 1983)).

Reed claims Judge Clark failed to give him a fair criminal trial by "conspiring with defendants to infringe on [his] constitutional rights" and conspiring "with civil attorn[eys] and [the] district attorney to convict . . . [him] by not affording him due process of law." Doc. 1 at 13–14. Specifically, Reed contends as follows:

> Clark [conspired] by appointing counsel that help[ed] further the conspiracy[;] . . . failed to remove counsel . . . [who was] not familiar with his case[;] . . . w[as] aware that findings were illegal and insufficient[;] . . . [and] held a jury selection with very short notice . . . . Reed advi[sed] Clark not only [did] his medical condi[tion] prevent him from attending[,] . . . [but] attorney Lukjan w[as] not familiar with his case[;] . . . Clark held a trial without plaintiff Reed present[;] . . . [and] Reed place[d] a civil claim in the same court [as] Clark and she . . . dismiss[ed] the civil action against defendants and further[ed] the conspiracy.

*Id.*

Reed's claims against Judge Reagan are couched within his allegations as to defendants Washington and Green Diamond. *See id.* at 7, 14–15. Judge Reagan allegedly conspired with Washington "by not placing important evidence on the record that reveals the fabrication of the accident" and by postponing his case. *Id.* at 7. And Reed alleges Judge Reagan conspired with Green Diamond to consolidate his case and release funds "to the white family (tele-communication) and not Reed being black." *Id.* at 14–15.

Taking Reed's claims as true, Judges Clark and Reagan were acting within the scope of their judicial capacities when these alleged actions occurred. Reed's claims against Judge Clark pertain to his authority to appoint counsel, hold jury selection, consider a defendant's competency, hold a jury trial, and dismiss a civil action. Similarly, Reed's claims against Judge Reagan relate to his authority to enter evidence, manage his docket, and resolve cases. These actions constitute judicial functions. *See Stump*, 435 U.S. at 362; *see also, e.g.*, *Wilson v. Blaylock*, No. 6:16-CV-1064-SC, 2016 WL 4548728, at *2 (N.D. Ala. Sept. 1, 2016) (holding decisions to appoint counsel are likely "normal judicial functions"); *Grissom v. Alabama*, No. 21-11781, 2022 WL 1907604, at *2 (11th Cir. June 3, 2022) (stating judicial functions entitling defendant to judicial immunity includes conducting trials); *Barnes v. City of Dothan*, 795 F. Supp. 2d 1276, 1281 (M.D. Ala. 2011) (finding that "docket management and case scheduling are certainly normal judicial functions"). Additionally, Reed offered no facts indicating that these judges acted in clear absence of all jurisdiction.

Judicial immunity bars Reed's claims against Judges Clark and Reagan whether they are interpreted as alleging the judges acted erroneously, maliciously, or in excess of their authority. *See id.*; *Mireles*, 502 U.S. at 11. And Judges Clark and Reagan are entitled to judicial immunity despite Reed's allegations that they conspired with various other defendants. *See Dykes v. Hosemann*, 776 F.2d 942, 946 (11th Cir. 1985) (explaining that "even a judge who is approached as a judge by a party [and conspires with such party] to violate [another party's federal constitutional rights] is properly immune from a damage suit brought under section 1983" and stating that a contrary holding would mean that

"judges, on mere allegations of conspiracy or prior agreement, could be hauled into court and made to defend their judicial acts, the precise result judicial immunity was designed to avoid") (citations omitted).

Because judicial immunity provides a complete bar for relief, Reed cannot state § 1983 claims against Judges Clark and Reagan, *see Wahl*, 773 F.2d at 1172 (citing *Pierson*, 386 U.S. at 554), or § 1985 claims, *see Hughes*, 242 F.3d at 128. And because § 1986 claims are derivative of § 1985 claims, *Park v. City of Atlanta*, 120 F.3d 1157, 1159–60 (11th Cir. 1997) (per curiam), Reed's § 1986 claims fail as well, *Murphy v. Alabama*, No. 2:20-183-KD-N, 2020 WL 7390489, at *7 (S.D. Ala. Nov. 6, 2020).

### B.   Reed cannot state a plausible § 1983 claim against the private Defendants.

Under 42 U.S.C. § 1983, civil redress is available for individuals who are deprived of their Constitutional rights. To state a § 1983 claim, a plaintiff must assert "(1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under the color of state law or a private individual who conspired with state actors." *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). To act under color of state law "requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West*, 487 U.S. at 49 (citations omitted). Put another way, a § 1983 defendant must either be the state or its alter-ego. *Id.* Section 1983 does not create a broad cause of action to pursue every perceived slight. The state-actor requirement is integral to the purpose of § 1983, which is "to deter *state actors*

from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Real*, 2015 WL 2157480, at *2 (emphasis in original); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982) (citation omitted) (holding the state-actor requirement reflects the consideration that "most rights secured by the Constitution are protected only against infringement by governments"); *see also Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003) (stating that "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful") (citation omitted).

A private party will rarely be considered a state actor. *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). The Eleventh Circuit has found that a court may determine a private party is a state actor for § 1983 purposes where "(1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ('State compulsion test'); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ('public function test'); or (3) 'the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise.' ('nexus/joint action test')." *Binns v. Caesars Ent. Corp.*, No. 2:14-CV-506-FTM-38, 2014 WL 5378227, at *2 (M.D. Fla. Oct. 21, 2014) (citing *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001)).

Moreover, a plaintiff seeking to make a private party liable under § 1983 for conspiracy with state officials to deprive the plaintiff of his constitutional rights must allege sufficient facts to inform the defendant of the nature of the conspiracy. *Lloyd v. Card*, 283

F. App'x 696, 699 (11th Cir. 2008) (citing *Dennis v. Sparks*, 449 U.S. 24, 27, 28 (1980); (*Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1284 (11th Cir. 2002)); *Casey v. Allred*, No. 6:19-CV-617-LSC-SGC, 2021 WL 667497, at *4 (N.D. Ala. Jan. 11, 2021). "It is not enough to simply aver in the complaint that a conspiracy existed," because "[a] complaint may justifiably be dismissed because of the conclusory, vague and general nature of the allegations of conspiracy." *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984); *see also Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (stating plaintiff's naked assertions of conspiracy without the requisite supportive operative facts were insufficient to state § 1983 conspiracy claim). To successfully plead a § 1983 conspiracy against a private actor, the plaintiff must show the necessary parties reached an agreement to deprive him of his constitutional rights. *Bailey v. Bd. of Cnty. Comm'rs of Alchua Cnty., Fla.*, 956 F.2d 1112, 1122 (11th Cir. 1992). Notwithstanding the liberal pleading standard applicable here, Reed has not alleged that private actors Lukjan, Sanders, Progressive, Green Diamond, Coastal Plain, or Nest Egg acted under color of state law.

### (1)   Attorney Lukjan

It is well-settled that attorneys, whether privately retained or court appointed, are not state actors. *See Polk County v. Dodson*, 454 U.S. 312 (1981); *Cole v. McGee*, No. 108-CV-894-THM, 2008 WL 5412538, at *1 (M.D. Ala. Dec. 29, 2008) (citations omitted). Reed claims that Lukjan conspired to violate his constitutional rights while serving as Reed's criminal defense attorney. *See e.g.*, Doc. 1 at 12 (stating that Lukjan conspired to "interfere with important evidence that would [have] exonerated Reed," to "rig the jury," and to ensure that Reed "could not attend any trial nor hearing"). But Lukjan was not acting

under color of state law during this representation. *See Holmes*, 418 F.3d at 1258 (citing *West*, 487 U.S. at 48).

In a conclusory manner, Reed alleges Lukjan conspired "with defendants to infringe on [his] rights," with the District Attorney and Judge Clark to deny him due process of law, with "defendants" to have Reed incarcerated, and with the District Attorney "in the start stage of jury selection." Doc. 1 at 12–13. These ambiguous and conclusory factual allegations are insufficient to nudge Reed's claim forward. Critically, the allegations fail to show that Lukjan formed agreements with state actors. For example, the factual allegations do not establish when any such agreement may have been formed or the substance of the agreement, and the allegations do not inform Lukjan of the nature of the alleged conspiracy. *See Fullman*, 739 F.2d at 557; *Bailey*, 956 F.2d at 1122; *Lloyd*, 283 F. App'x at 699 (citing *Rowe*, 279 F.3d at 1284); *Casey*, 2021 WL 667497, at *4. Rather, they are naked assertions of conspiracy that lack the type of "supportive operative facts" required to state a claim under § 1983. *See Phillips*, 746 F.2d at 785. Because Lukjan is not a state actor and Reed has not sufficiently alleged that Lukjan conspired with state actors, this § 1983 claim fails. *See Williams v. Brooks Trucking Co., Inc. of Memphis*, 757 F. App'x 790, 795 (11th Cir. 2018) (holding plaintiff's § 1983 claim was unsuccessful because he did not sufficiently allege defendants acted under color of state law or conspired with state actor).

These pleading deficiencies cannot be cured to state a plausible claim because Reed appears to seek a mechanism in this Court to invalidate the finding of the jury against him in his on-going criminal action. The Court takes judicial notice of state court records

previously cited reflecting (i) his sentence has not yet been imposed by Judge Clark and (ii) Reed's state court appeal of the criminal action has been stayed pending imposition of the sentence.[11] Thus, his challenge here (if that is what it is) is premature, as that criminal court has been unable to impose a sentence on him, and his appeal, which is stayed, has not been exhausted.

Additionally, Reed's conviction and sentence have not been invalidated in an appropriate proceeding. Although Reed purportedly pursues this matter under 42 U.S.C. § 1983, to the extent he presents claims that allege or suggest he would not have been convicted but for the constitutional violations about which he complains (e.g., attorney ineffectiveness or misconduct, conspiracy, etc.), such claims are not appropriate in this proceeding. Regardless of the label Reed assigns to his cause of action, claims that his constitutional rights have been violated by any Defendants because their actions affected the outcome of his state court criminal proceedings must be pursued through habeas corpus after the sentence is imposed. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck*, 512 U.S. at 483–89 (holding that claim for damages challenging legality of prisoner's conviction or confinement is not cognizable in 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus," and complaints containing such claims must therefore be

---

[11] No sentence has been imposed due to Reed's fugitive status from the criminal process. **An arrest warrant remains outstanding for him,** which may bar his efforts to utilize this Court to pursue a related civil action. *See Ortega-Rodriguez v. United States*, 507 U.S. 234, 246 (1993) (internal quotation marks omitted); *Magluta v. Samples*, 162 F.3d 662, 664 (11th Cir. 1998) (A court may dismiss a civil action based on this doctrine where "(1) the plaintiff is a fugitive; (2) his fugitive status has a connection to his civil action; and (3) the sanction employed by the district court, dismissal, is necessary to effectuate the concerns underlying the fugitive disentitlement doctrine.") (citing *Degen v. United States*, 517 U.S. 820, 820 (1996)).

dismissed); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought [ ], no matter the target of the prisoner's suit [ ]—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."); *Dyer v. Lee*, 488 F.3d 876, 880 (11th Cir. 2007) (citing *Preiser*, 411 U.S. at 490) ("Allowing § 1983 to do the work of habeas would create an end-run around the procedures of § 2254."). Thus, even if the sentence had already been imposed and Reed sought to bring it in this court while in prison to invalidate the fact or duration of his conviction or confinement, the attack would still be subject to summary dismissal. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The claim(s) against Lukjan are due to be dismissed.

### (2)    Sanders

Reed contends that Sanders caused the initial collision on July 29 by racing another vehicle. *See* Doc. 1 at 10. But Reed offers no facts indicating Sanders was not a private party, and his allegations do not establish that an exception applies to make Sanders a state actor: there are no facts that Sanders was coerced by the state, performed a public function, or had an interdependent relationship with the state. *See Binns*, 2014 WL 5378227, at *2 (citing *Hogue*, 241 F.3d at 1347). However, liability under § 1983 could still attach if Reed adequately alleged that Sanders conspired with state actors. *See Lloyd*, 283 F. App'x 699 (citing *Dennis*, 499 U.S. at 27–28); *Casey*, 2021 WL 667497, at *4. He has not.

Reed alleges Sanders conspired "with defendants the father of Michael Sanders had knowledge that the accident had been stage[d]." Doc. 1 at 11. This allegation is not only incomprehensible but also nonsensical—Reed admits that Sanders (a private actor) died in

the accident, thus making it impossible for him to have subsequently entered into a conspiracy.[12] *See* Docs. 1 at 10, 1-7 at 2. Additionally, Reed's allegations are vague and conclusory. They are insufficient to state a conspiracy claim. *See Fullman*, 739 F.2d at 557; *Bailey*, 956 F.2d at 1122; *Lloyd*, 283 F. App'x at 699 (citing *Rowe*, 279 F.3d at 1284); *Casey*, 2021 WL 667497, at *4; *Phillips*, 746 F.2d at 785. Reed's Complaint is devoid of facts showing that Sanders acted under color of state law or conspired to violate Reed's constitutional rights or conspired with state actors at all. Accordingly, he has not stated a § 1983 claim against the Estate of Sanders. *See Williams*, 757 F. App'x at 795.

No leave to amend to amend is appropriate as to this Defendant. Given Sanders's death in the collision at issue, Reed cannot allege any plausible conspiracy by this defendant to violate his constitutional rights. The theory is delusional and frivolous. Amending as to the claims against this Defendant would be futile, and the motion to dismiss should, accordingly, be granted. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (where a pro se party's amendment would be futile, the district court may deny leave to amend).

### (3)    Progressive, Green Diamond, Coastal Plain, and Nest Egg

Reed did not allege any facts suggesting these private companies were "clothed with the authority of state law." *See West*, 487 U.S. at 49. Nor did Reed allege any facts establishing that an exception applies transforming the private parties into state actors:

---

[12] To the extent Reed attempts to make a conspiracy claim against Phillip Sanders, Reed's father and the administrator of his estate, he failed to do so. Reed's Complaint does not name Phillip Sanders as a defendant. Regardless, as explained above, this stray allegation does not constitute a plausible conspiracy claim.

there are no allegations that the state coerced these corporations to violate the Constitution, that these corporations performed public functions, or that the state had "insinuated itself into a position of interdependence" with these corporations. *See Binns*, 2014 WL 5378227, at *2 (citing *Rayburn*, 241 F.3d at 1347). And while Progressive, Green Diamond, Coastal Plain, and Nest Egg could still be liable under § 1983 if it were plausibly pleaded that they conspired with state actors, *see Lloyd*, 283 F. App'x 699 (citing *Dennis*, 499 U.S. at 27–28); *Casey*, 2021 WL 667497, at *4, Reed's conspiracy claims are insufficient to do so.

Reed alleges Progressive conspired "to interfere with [his] due process rights and discriminat[e] against [him] due to his race. Further[,] [Progressive] conspired to conceal the facts of the accident" and "conspired to release the funds to the same defendants that cause[d] the accident." Doc. 1 at 16–17. Reed's Complaint states that Green Diamond conspired "to interfere with [his] due process rights" and conspired with Judge Reagan "to place a letter requesting the case be consolidated." *Id.* at 14. Reed's conspiracy claims as to Coastal Plain and Nest Egg are identical: the companies conspired "to interfere with [his] due process rights and discriminate against [him] due to his race" (but he does not allege how or when they did so); to conceal facts of the accident (but he does not allege what facts were concealed); and, confusingly, "to not withhold funds and not release to plaintiff Reed but continue to release funds to the same defendants" who caused the accident. *Id.* at 15, 17.

Reed fails to state a conspiracy claim against any of these Defendants. His allegations are vague, conclusory, and fail to allege basic facts, such as the Defendants having formed agreements or when any agreement was made. The bare-bone and confusing

allegations do not adequately inform the defendants of the nature of the conspiracy claims. In fact, most of these allegations fail even to specify a co-conspirator. These statements are simply inadequate to constitute viable conspiracy claims. *See Fullman*, 739 F.2d at 557; *Bailey*, 956 F.2d at 1122; *Lloyd*, 283 F. App'x at 699 (citing *Rowe*, 279 F.3d at 1284); *Casey*, 2021 WL 667497, at *4; *Phillips*, 746 F.2d at 785. Reed uses § 1983 as means to adjudicate several perceived slights, but a viable § 1983 claim requires more. Reed has failed to state § 1983 claims against Lukjan, Sanders, Progressive, Green Diamond, Coastal Plain, and Nest Egg.

## V.    CONCLUSION

Accordingly, the undersigned Magistrate Judge RECOMMENDS the following:

1.    The Motion to Dismiss filed by Judges Shannon Clark and Sonny Reagan (Doc. 37) be GRANTED and Reed's Complaint be DISMISSED against these Defendants with prejudice; and

2.    The Motions to Dismiss filed by the Estate of Michael Sanders (Doc. 26), Attorney Lukjan (Doc. 28), Progressive (Doc. 32), Green Diamond (Doc. 44), Nest Egg (Doc. 48), and Coastal Plain (Doc. 49) be GRANTED and Reed's Complaint be DISMISSED against these Defendants with prejudice.

Further, it is ORDERED that by **June 23, 2023**, the parties may file objections to this Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *See* 11TH Cir. R. 3–1.

DONE this 9th day of June, 2023.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE