IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TERRY M. REED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:22-CV-437-MHT-KFP |
| | ) | |
| DENNY L. STRICKLAND, II, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the Court are two motions to dismiss Plaintiff Terry M. Reed's Complaint (Doc. 1) and two motions to strike certain allegations contained therein filed by Defendants Kirk Hildebrandt (Doc. 30) and Michael X. Danquer[1] (Doc. 31). Upon consideration of the motions, supporting evidence, and Reed's response, the undersigned RECOMMENDS that these motions to dismiss be GRANTED, this case be DISMISSED against these Defendants, and the motions to strike be DENIED.

## I.   JURISDICTION AND VENUE

The Court has subject matter jurisdiction over this action based on federal question jurisdiction, 28 U.S.C. § 1331, as Reed appears to allege claims under 42 U.S.C. §§ 1983, 1985, and 1986. *See Bell v. Hood*, 327 U.S. 678, 681–82 (1946) ("Jurisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action" as that determination "calls for a judgment on the merits and not for a dismissal for want of

---

[1] Reed erroneously refers to Michael Danquer as "Michael Danquero" on one occasion and "Michael Budd" on another. *See* Doc. 1 at 3, 16.

jurisdiction."). Venue is uncontested, and the Court concludes that venue properly lies in the Middle District of Alabama. *See* 28 U.S.C. § 1391.

## II.     STANDARD OF REVIEW

When a defendant challenges personal jurisdiction, the plaintiff bears the initial burden of making a prima facie showing of personal jurisdiction. *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268–69 (11th Cir. 2002). A plaintiff makes a prima facie showing if he presents enough evidence to withstand a motion for directed verdict. *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990). Vague and conclusory allegations will not do. *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1217–18 (11th Cir. 1999); *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1318 (11th Cir. 2006). If the defendant contests personal jurisdiction through affidavit evidence, the burden shifts back to the plaintiff to submit evidence supporting jurisdiction. *Meier*, 288 F.3d at 1269 (citing *Posner*, 178 F.3d at 1215). Where the evidence conflicts, the Court must draw all reasonable inferences in favor of the plaintiff. *Madara*, 916 F.2d at 1514.

While pro se pleadings are held to a lesser standard than those prepared by attorneys and "thus are construed liberally," *see Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008), pro se litigants still must comply with the Federal Rules of Civil Procedure, *Giles v. Wal-Mart Distribution Ctr.*, 359 F. App'x 91, 93 (11th Cir. 2009). "[T]his leniency [to pro se litigants] does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Odion v. Google Inc.*, 628 F. App'x 635, 637 (11th Cir. 2015).

## III.    PROCEDURAL HISTORY

Proceeding pro se, Reed filed this action pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 against 21 defendants. Doc. 1. His Complaint seeks various forms of recovery from defendants for an alleged conspiracy to violate his constitutional rights: $15,000,000 in compensatory damages, $15,000,000 in "declaratory damages," and $15,000,000 in punitive damages. Doc. 1 at 17. In response, 14 defendants filed 11 motions to dismiss. *See* Docs. 26, 28, 30–32, 35, 37, 38, 40, 44, and 48–49. After he was prompted by Court order (Doc. 51), Reed filed a response to these motions (Doc. 53).

## IV.    BRIEF BACKGROUND

Because the Court thoroughly discussed this case's background in a previous Recommendation (Doc. 56), the Court will only provide an abbreviated version of the facts relevant to the claims against Hildebrandt and Danquer. On July 29, 2019, two collisions occurred on Henderson Highway in Troy, Alabama, that resulted in multiple deaths and severe injuries to Reed. *See* Docs. 1 at 4–7, 1-2, 10. Public records show that in 2019, Reed filed a lawsuit in Pike County for injuries he sustained in the collisions.[2] *See* Consolidated Case Action Summary, *Reed v. Person et al.*, Circuit Court No. 55-CV-2019-900221. Reed's case was consolidated with other lawsuits related to the collisions. *See id.* The Pike County defendants' insurance carriers, including Progressive Specialty Insurance

---

[2] The Court obtained relevant information regarding this lawsuit, bearing Case No. 55-CV-2019-900221, from the state court entries for the Circuit Court of Pike County, Alabama, as maintained by the Alabama Trial Court System and hosted at www.alacourt.com. The Court takes judicial notice over the public records in this case. *See Universal Express, Inc. v. U.S. S.E.C.*, 177 F. App'x 52, 53 (11th Cir. 2006) (citation omitted).

Company, settled the case at mediation. *See id.* Reed received $500,000 upon executing a Settlement and Release Agreement, and his lawsuit was dismissed with prejudice. *See id.*

Reed's Complaint combines his allegations against Hildebrandt and Danquer with those against Progressive and identifies Hildebrandt as an adjuster and Danquer as a supervisor. *See* Doc. 1 at 3, 16–17. Construing Reed's Complaint liberally, the Court interprets it as alleging Hildebrandt and Danquer are employed by Progressive.

## V.   DISCUSSION

### A.   Hildebrandt and Danquer's Motions to Dismiss

Both defendants seek dismissal because the Court lacks personal jurisdiction over them, Reed failed to state a plausible claim, and Reed's claims are barred by the release in the settlement agreement. *See* Docs. 30 at 2–18, 31 at 1–9. The Court must first address the personal-jurisdiction challenges. *See Posner*, 178 F.3d at 1214.

Hildebrandt and Danquer seek dismissal for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. Docs. 30 at 3–7, 31 at 1–4. To defeat a 12(b)(2) challenge, a plaintiff must establish that the court has personal jurisdiction under the forum state's long-arm statute and the Fourteenth Amendment's Due Process Clause. *Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1166 (11th Cir. 2005). Because Alabama's long-arm provision affords courts personal jurisdiction to the full extent of the Due Process Clause, the Court need only address the due process concerns. *See Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 925 (11th Cir. 2007).

Under the Due Process Clause, a court only has personal jurisdiction if the defendant has minimum contacts with the forum state and the court's exercise of jurisdiction

conforms with traditional notions of fair play and substantial justice. *See U.S. S.E.C. v. Carrillo*, 115 F.3d 1540, 1542 (11th Cir. 1997). A plaintiff can satisfy the minimum contacts requirement by establishing either general or specific jurisdiction. General jurisdiction is based on a party's continuous contacts with the forum state that are unrelated to the cause of action. *See Madara*, 916 F.2d at 1516 n.7; *see also Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (holding general jurisdiction for an individual exists when the individual is domiciled in the forum state). Specific jurisdiction requires that (1) the cause of action stems from the defendant's contacts with the forum state, (2) the contacts relate to the defendant's act of purposely availing himself to the forum, and (3) the defendant should have anticipated being hauled into the forum's court based on his contacts. *Francosteel Corp., Unimetal-Normandy v. M/V Charm, Tiki, Mortensen & Lange*, 19 F.3d 624, 627 (11th Cir. 1994) (citation omitted). In other words, specific jurisdiction mandates that the Court consider "the direct causal relationship among the defendant, the forum, and the litigation." *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1222 (11th Cir. 2009).

Ground 17 of Reed's Complaint alleges that Hildebrandt, Danquer, and Progressive violated his Fourth, Fifth, Seventh, Eighth, and Fourteenth amendment rights as follows:

> [B]y conspiring to interfere with [Reed's] due process rights and [by] discriminat[ing] against Reed due to his race. Further[,] [the defendants] conspired to conceal the facts of the accident[;]. . . . [and] did in fact release funds to the court with knowledge . . . that [the] case [had] been 'consolidated' and that the funds will go to the white family and not plaintiff Reed being black[.] Defendants had the knowledge that . . . Michael Sanders and Wesley Person were not going the speed limit[,] . . . cause[d] the accident[,] . . . [and] had admitted 50% at fault to their company. Defendants continue to release funds that only Reed [is] entitled to [despite knowing]

> that Alabama law clearly states that anyone 1% at fault causing the accident cannot receive mon[e]tary reward from a civil action. Defendants were aware [of] the maximum policy limit where Reed w[as] the only one entitled to the funds. Defendants further conspired to release the funds to the same defendants that cause[d] the accident.

Doc.1 at 16–17.[3]

Reed bears the initial burden of making a prima facie showing of personal jurisdiction. *See Meier*, 288 F.3d at 1268–69. Nothing in Reed's Complaint indicates Hildebrandt or Danquer have continuous contacts unrelated to this lawsuit or are domiciled in the state of Alabama. In fact, Reed states that Hildebrandt and Danquer both have Ohio addresses. Doc. 1 at 3. Accordingly, the Court does not have general jurisdiction over either defendant. *See Madara*, 916 F.2d at 1514; *see also Goodyear Dunlop Tires Operations, S.A.*, 564 U.S. at 919.

Reed's Complaint fails to establish specific jurisdiction as well because his allegations are too vague and conclusory to state a prima facie case. While the allegations in Ground 17 generally establish that Hildebrandt and Danquer conspired to deprive Reed of a larger settlement amount due to his race, they provide little additional detail. For example, the Complaint does not specify the degree in which these defendants were involved in settling the Pike County lawsuit. This information could have informed the Court as to the nature and extent of contacts these defendants had in Alabama. While the allegations establish that the cause of action stems from these defendants' actions, it

---

[3] That Hildebrandt and Danquer are Progressive's employees does not automatically subject them to personal jurisdiction, nor does it shield them from it. *See Calder v. Jones*, 465 U.S. 783, 790 (1984). Rather, personal jurisdiction as to each defendant must be assessed individually. *See id*. (citing *Rush v. Savchuk*, 444 U.S. 320, 332 (1980)).

provides no details or supporting authority establishing that these defendants purposefully availed themselves to the state of Alabama or could have anticipated being hauled into an Alabama court. Reed's allegations simply do not put forward enough for the Court to conclude that Hildebrandt and Danquer had the necessary minimum contacts with the state of Alabama. Because these vague and conclusory allegations are insufficient to satisfy Reed's obligation to make a prima facie showing, the Court lacks personal jurisdiction over Hildebrandt and Danquer. *See Posner*, 178 F.3d at 1217–18; *Snow*, 450 F.3d at 1318.

These defendants each provided affidavits in which they object to personal jurisdiction. *See* Docs. 30 at 23–25, 31 at 14–15. But because Reed did not make out a prima facie case of personal jurisdiction as to either Hildebrandt or Danquer, the Court's analysis stops short of considering these affidavits, and the defendants' motions to dismiss should be granted. *See Diulus v. Am. Express Travel Related Servs. Co., Inc.*, 823 F. App'x 843, 849 (11th Cir. 2020) ("If the plaintiff doesn't meet his burden, the district court doesn't go to the second and third steps of the burden-shifting process, and the motion should be granted.").

Even if the Court could proceed past this step, it would confirm that personal jurisdiction does not exist over both defendants because Reed did not sufficiently rebut their affidavits. Both defendants testified by affidavit that they have little contact with the state of Alabama: they have not recently lived, owned property, paid taxes, or registered to vote in Alabama, nor have they recently traveled to Alabama for work with Progressive. *See* Docs. 30 at 23–24, 31 at 15. Danquer testified that he had no involvement in the Pike County lawsuit, and his relationship with Reed consists of a single phone call in which

Reed called him "asking for more money on his claim." Doc. 31 at 15. Hildebrandt testified that he was Progressive's claims representative in the Pike County case, and that his role "consisted of working with defense counsel . . . in defending the litigation and reaching a compromise and settlement." Doc. 30 at 25. But this affidavit does not otherwise detail Hildebrandt's degree of involvement in the matter and, thus, does not establish specific jurisdiction.[4] These affidavits were filed in an effort to contest personal jurisdiction, and Reed did not effectively rebut these affidavits with his own evidence. While Reed's response includes over 100 pages of evidence, none of this evidence supports personal jurisdiction over Hildebrandt and Danquer. *See* Doc. 53 at 18–141. Thus, even if Reed had made a prima facie showing, the Court would still find it lacks personal jurisdiction over Hildebrandt and Danquer. *See Meier*, 288 F.3d at 1269 (citing *Posner*, 178 F.3d at 1215).[5]

### B.    Hildebrant's and Danquer's Motions to Strike

Both defendants filed motions to strike pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. Docs. 30 at 18–19, 31 at 9–10. Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or

---

[4] Given modern technological advancements, courts may have personal jurisdiction over defendants who never physically enter the forum state. *See Cable/Home Comm. Corp. v. Network Prods., Inc.*, 902 F.2d 829, 858 (11th Cir. 1990). But neither the Complaint nor Hildebrandt's affidavit establish that Hildebrandt had a substantial degree of contact—remote or otherwise—with the state of Alabama supporting a specific-jurisdiction finding. *See DermaMed Techs. Corp. v. Passmore Labs*, No. 10-483-CG-B, 2011 WL 1753196, at *5–6 (S.D. Ala. April 21, 2011) ("Defendants must have 'purposefully directed' their actions toward the forum state which would require that the telephone communications, for example, be substantial, and not a single telephone call.") (citations omitted); *see also Exhibit Icons, LLC v. XP Companies, LLC*, 609 F. Supp. 2d 1282, 1298–99 (S.D. Fla. 2009) (holding that 188 telephone calls established minimum contacts). The Court would have to speculate as to the degree of Hildebrandt's contact with the state of Alabama in order to find specific jurisdiction. The Court cannot assume details that Reed was required to provide.

[5] As discussed above, Hildebrandt and Danquer also seek dismissal on other grounds that the Court did not reach, but the Court cautions that a request to amend may be denied as futile should the defendants' outstanding defenses necessitate dismissal.

scandalous matter." Fed. R. Civ. P. 12(f). While a court has broad discretion when deciding a Rule 12(f) motion, "the striking of a pleading is an extreme measure and such motions are 'viewed with disfavor and infrequently granted.'" *Stewart v. Argos Ready Mix, LLC*, No. 3:16-CV-356-MHT-WC, 2016 WL 7238915, at *2 (M.D. Ala. Nov. 1, 2016) (quoting *Loucks v. Shorest, LLC*, 282 F.R.D. 637, 638 (M.D. Ala. 2012)). In fact, a court will typically deny motions to strike "unless the challenged allegations have no possible relation to the controversy and may cause some form of significant prejudice to one or more of the parties to the action. . . . It is not enough that the matter offends the sensibilities of the objecting party if the challenged allegations describe acts or events that are relevant to the action." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382 (3d ed. 2007); *Poague v. Huntsville Wholesale Furniture*, 369 F. Supp. 3d 1180, 1192 (N.D. Ala. 2019) (internal quotations and citations omitted).

Hildebrandt and Danquer seek to strike Ground 17 of Reed's Complaint because it contains scandalous matter. Specifically, they argue Reed's allegations of racial discrimination cast them "in a derogatory light and denigrate[] [their] moral character upon the public record." Docs. 30 at 19, 31 at 10. While these defendants have argued Reed's allegations are prejudicial, it is not enough that the claims offend them; Hildebrandt and Danquer also had to show that the allegations were irrelevant to the action. They failed to do so. The claims contained in Ground 17 are integral to Reed's theory that the defendants deprived him of a larger settlement due to his race. In fact, Ground 17 is the only portion of the Complaint containing allegations against Hildebrandt and Danquer. Reed's

allegations are just that—allegations; they are not evidence of the truth. These motions to strike are due to be denied.

## VI.   CONCLUSION

Accordingly, the undersigned Magistrate Judge RECOMMENDS as follows:

1.     The motions to dismiss filed by Hildebrandt (Doc. 30) and Danquer (Doc. 31) be GRANTED;

2.     Reed's Complaint be DISMISSED against Hildebrandt and Danquer without prejudice; and

3.     The motions to strike filed by Hildebrandt (Doc. 30) and Danquer (Doc. 31) be DENIED.

Further, it is ORDERED that, **by June 23, 2023**, the parties may file objections to this Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *See* 11TH Cir. R. 3–1.

DONE this 9th day of June, 2023.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE