IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TERRY M. REED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:22-CV-437-MHT-KFP |
| | ) | |
| DENNY L. STRICKLAND, II, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the Court is a Motion to Dismiss or, in the Alternative, for a More Definite Statement, filed by Officers Phillip R. Faulkner, R. Irsik, and Rome Odom (Doc. 40) regarding Pro Se Plaintiff Terry M. Reed's Compliant (Doc. 1). Upon consideration of the motion, Reed's response (Doc. 53), and oral argument, the Court RECOMMENDS that these Defendants' Motion to Dismiss be GRANTED and that the case against these defendants be DISMISSED.

## I.    JURISDICTION AND VENUE

The Court has subject matter jurisdiction over this action based on federal question jurisdiction, 28 U.S.C. § 1331, as Reed appears to allege claims under 42 U.S.C. §§ 1983, 1985, and 1986. *See Bell v. Hood*, 327 U.S. 678, 681–82 (1946) ("Jurisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action" as that determination "calls for a judgment on the merits and not for a dismissal for want of jurisdiction."). Personal jurisdiction is uncontested as to these defendants, and the Court concludes that venue properly lies in the Middle District of Alabama. *See* 28 U.S.C. § 1391.

## II.   LEGAL STANDARD

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and each factual allegation should be "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2) & (d)(1). While detailed factual allegations are not required, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). A plaintiff must present "more than an unadorned, the defendant-unlawfully-harmed-me accusation. . . . A pleading that offers 'labels and conclusions' . . . will not do . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Asahcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 544, 555, 557). Put differently, to "'state a claim to relief that is plausible on its face[,]'" a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 570). With this in mind, the court accepts the plaintiff's factual allegations as true and construes the complaint in the plaintiff's favor. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

While pro se pleadings are held to a lesser standard than those prepared by attorneys and "thus are construed liberally," *see Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008), pro se litigants still must comply with the Federal Rules of Civil Procedure, *Giles v. Wal-Mart Distrib. Ctr.*, 359 F. App'x 91, 93 (11th Cir. 2009). "[T]his leniency [to pro se litigants] does not give a court license to serve as de facto counsel for a party, or to

rewrite an otherwise deficient pleading in order to sustain an action." *Odion v. Google Inc.*, 628 F. App'x 635, 637 (11th Cir. 2015).

## III.   PROCEDURAL HISTORY

Reed filed this action pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 against 21 defendants. Doc. 1. His Complaint seeks various forms of recovery for an alleged conspiracy to violate his constitutional rights, and he seeks $15,000,000 in compensatory damages, $15,000,000 in "declaratory damages," and $15,000,000 in punitive damages. Doc. 1 at 17. Fourteen defendants filed 11 motions to dismiss,[1] to which Reed filed a response (Doc. 53). The Court has already issued two Recommendations that the District Court grant nine motions to dismiss (*see* Docs. 56–57).

On July 12, 2023, the Court held a hearing on Defendants' and Sheriff Thomas's Motions to Dismiss (Docs. 36 & 40). *See* Docs. 58–60. Defendants offered oral arguments in support of dismissal; however, Reed failed to appear. *See* Doc. 65. Reed's nonappearance is unsurprising given his fugitive status.[2] Aside from his nonappearance at the motion hearing, Reed has actively participated in this litigation. In fact, Reed filed

---

[1] Four of the remaining seven defendants have not been served, and three have been served but have not answered or otherwise responded to the Complaint.

[2] Public records show that in 2016, Reed was indicted in Pike County for fraud. *See* Consolidated Case Action Summary, *State of Alabama v. Reed Terry McCray*, Circuit Court No. 55-CC-2016-314. In 2021, Reed was convicted of the charges at trial, at which point an arrest order was issued. *See id.* Notably, Reed's arrest warrant remains pending. As a result, he has not been sentenced. *See id.* Reed filed an appeal that is held in abeyance until his sentencing. *See id.* Accordingly, the criminal case remains ongoing. There is no question that Reed is a fugitive from the criminal process against him in Pike County. *See United States v. Shalhoub*, 855 F.3d 1255, 1263 (11th Cir. 2017) (defining a fugitive as "someone who has been served process and refuses it"); *Ener v. Martin*, 987 F.3d 1328, 1332 (11th Cir. 2021) ("A party is a fugitive if she intentionally avoids arrest by fleeing, hiding, or remaining absent from the jurisdiction) (citations omitted). The Court takes judicial notice over the public records in this case. *See Universal Express, Inc. v. U.S. S.E.C.*, 177 F. App'x 52, 53 (11th Cir. 2006) (citation omitted).

objections to the Court's previously issued Recommendations just two and a half weeks before the hearing date. *See* Doc. 63. It was only once he was required to appear in federal court that Reed made himself scarce. He even refused to claim the Court's Order setting the hearing (Doc. 58)—the only filing mailed to him that Reed has not claimed in this litigation. His address with the Court has remained the same since he initiated this action. Regardless of his motives, Reed's failure to appear without prior notice amounts to a failure to prosecute.

## IV.  FACTUAL BACKGROUND

Because the Court thoroughly discussed this case's background in a previous Recommendation (Doc. 56), the Court will only provide an abbreviated version of the facts relevant to the movant Defendants. On July 29, 2019, two collisions occurred on Henderson Highway in Troy, Alabama. *See* Docs. 1 at 4–7, 1-2. The first collision involved a log truck driven by West Wheeler, Jr. with passenger Reed and a vehicle driven by Michael Sanders with passengers Denny Strickland III and John Paul Boswell. Doc. 1 at 10–12. Sanders's vehicle struck Wheeler's log truck shortly after it entered Henderson Highway. *Id.* After Reed and Wheeler exited the truck to assist Sanders and his passengers, a third vehicle driven by Wesley Pearson struck both Reed and Wheeler. *Id.* at 9–12. The collisions resulted in the deaths of Wheeler, Sanders, and Strickland; Reed and Boswell were seriously injured. *Id.* at 10. According to Reed's Complaint, Officers Odom, Irsik, and Faulkner responded to and documented the collisions by preparing photographs, statements, and an accident report. *Id*. at 4–7.

## V. DISCUSSION

Reed's Complaint does not make clear his intended causes of action. Aside from his statement of jurisdiction, he mentions the federal statutes purportedly underlying his Complaint only in the case's caption, which reads, "Claim under 42 U.S.C.S. 1983, 1985, and 1986 and wrongful death."[3] *See* Doc. 1 at 1–2. As best the Court can understand the Complaint, using a liberal construction,[4] Reed attempts to assert that these Defendants are liable under § 1983 for violations of his Fourteenth Amendment rights and under 42 U.S.C. §§ 1985 and 1986 for conspiring to violate those rights.

Defendants' motion seeks dismissal based on statute of limitations, qualified immunity, and failure to state a claim. *See* Doc. 40. But the Court's analysis begins and ends at qualified immunity. *See Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987) ("[W]e have emphasized that qualified immunity questions should be resolved at the earliest possible stage of a litigation."); *see also Hardy v. Broward Cnty. Sheriff's Off.*, 238 F. App'x 435, 443 (11th Cir. 2007) (stating that qualified immunity questions should be resolved early so as not to subject government officials to trial and pretrial burdens, such as discovery) (quoting *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1252 (11th Cir. 2004); *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987)).

---

[3] Disregarding the caption, Reed's Complaint never mentions the phrase "wrongful death" and does not refer to an applicable statute. Doc. 1. Merely adding a "wrongful death" label to a caption is insufficient to raise a plausible claim or include factual allegations that could be construed as intended for such a claim. *See Ashcroft*, 556 U.S. at 678. Regardless, Reed has not alleged he is Wheeler's personal representative, so he lacks standing to bring a wrongful death claim on Wheeler's behalf. *See Rowe v. United States*, No. 2:19-CV-107-MHT-SRW, 2022 WL 722333, at *4 (M.D. Ala. 2022) (citations omitted).

[4] While pro se pleadings are held to a lesser standard than those prepared by attorneys and "thus are construed liberally," *see Alba*, 517 F.3d at 1252, pro se litigants still must comply with the Federal Rules of Civil Procedure, *Giles*, 359 F. App'x at 93.

Qualified immunity offers complete protection from civil damages for government officials sued in their individual capacities if their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The Eleventh Circuit has established a two-step analysis to determine whether qualified immunity applies. *See Zeigler v. Jackson*, 716 F.2d 847, 849 (11th Cir. 1989) (citing *Harlow*, 457 U.S. 800). First, the defendant government official must show he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred. *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002). The burden then shifts to the plaintiff to demonstrate that (1) the defendants violated a constitutional right which (2) is clearly established. *Ziegler*, 716 F.2d at 849; *Crosby v. Monroe Cnty.*, 394 F.3d 1328, 1332 (11th Cir. 2004). If a plaintiff cannot establish both elements, the defendant is entitled to qualified immunity, and the court may analyze the elements "in whatever order is deemed most appropriate for the case." *Rehberg v. Paulk*, 611 F.3d 828, 839 (11th Cir. 2010) (*Pearson v. Callahan*, 555 U.S. 223, 241–42 (2009)).

### A.    Defendants acted within the scope of their discretionary authority.

The first issue for consideration is whether Defendants were acting within their discretionary authority when the alleged conduct occurred. This inquiry requires a high-level, general evaluation of "whether the government employee was (a) performing a legitimate job-related function (that is, pursuing a job-related goal), (b) through means that were within his power to utilize." *Hughes v. Locure*, No. 3:22-CV-312-RAH, 2023 WL 2457367, at *6 (M.D. Ala. Mar. 10, 2023). Courts making this determination disregard the

6

alleged unlawful act and instead consider "whether the act complained of, if done for a proper purpose, would be within, or reasonably related to, the outer perimeter of an official's discretionary duties." *Mikko v. City of Atlanta, Georgia*, 857 F.3d 1136, 1144 (11th Cir. 2017) (internal quotation marks and citations omitted).

Defendants Irsik, Odom, and Faulkner assert that they were acting within the scope of their discretionary authority with respect to the alleged conduct because "accident investigation is a job-related function of a law enforcement officer[.]" Doc. 40 at 5. With this showing, Defendants Irsik, Odom, and Faulkner have demonstrated that they were acting within the scope of their discretionary authority.[5] Therefore, the burden is on Reed to establish that Defendants are not entitled to qualified immunity.

### B.    Qualified immunity bars Plaintiff's allegations.

Reed argues that Officers Odom, Irsik, and Faulkner fabricated and altered evidence at the accident scene in various ways, such as taking statements that were "full of and falsifying the accident report." Doc. 1 at 4–7. He contends that Officers Irsik and Faulkner altered the evidence because, unlike the other drivers, Reed is black; Officer Irsik falsified evidence because "it [was] a black family, and [the] white family involve[d] his colleague['s] relative" and he sought to "defraud the insurance company to move in favor of the opposite race of Reed;" *id.* at 6, and Officer Faulkner "further stated to [Sheriff

---

[5] Sherriff Thomas also filed Motion to Dismiss or, in the Alternative, Motion for Summary Judgment which likewise seeks dismissal based on qualified immunity. *See* Docs. 35 & 36. The Sheriff may share a similar discretionary function in his role; however, Sheriff Thomas has not taken a position as to whether he *would have* been acting with discretionary authority under Reed's version of the facts. Both his brief and oral argument focused on the remainder of the qualified immunity analysis and omitted discussion of this foundational prong of the test.

Thomas] that he agree[d] that Reed and his father [are] black people and our kind will not be at fault," *id.* at 6–7. The Court construes these claims as arising under the Equal Protection Clause.

But the Court need not decide if one of these actions violated Reed's constitutional rights because, even if it did, that right was not clearly established. "To be clearly established, a right must be sufficiently clear that every reasonable official would [have understood] that what he is doing violdates that right. . . . In other words, existing precedent must have placed the statutory or constitutional question beyond debate." *Reichle v. Howards*, 566 U.S. 658, 664 (2012) (citations and quotation marks omitted) (alteration in original). There are three methods by which a plaintiff can demonstrate that a constitutional right was clearly established: "(1) citing case law with indistinguishable facts; (2) pointing to a broad statement of principle within the Constitution, statute, or case law; or (3) alleging conduct so egregious that everyone would know it violated the Constitution." *Myrick v. Fulton County, Georgia*, 69 F.4th 1277, 1300 (11th Cir. 2023) (citing *Lewis v. City of W. Palm Beach*, 561 F.3d 1288, 1291–92 (11th Cir. 2009)). Reed failed to show that the alleged constitutional violations were clearly established on any of these grounds.

Reed's Complaint theorizes that Defendants altered evidence of the July 29 accident to ensure the other drivers would receive a more lucrative settlement than him should the accident result in a civil suit and eventual settlement. These allegations border on fanciful: Defendants fabricated evidence to deprive Reed of a favorable settlement amount *if* the accident resulted in civil litigation *and if* that litigation resulted in a settlement. But at this stage, the Court must accept Reed's allegations as true. *See Pielage*, 516 F.3d at 1284.

8

Assuming they are, and assuming they amount to a constitutional violation, Reed has not demonstrated that Defendants had notice that their actions violated the law. He has not offered, and the Court has not found, any case law with indistinguishable facts. Nor has Reed pointed to a broad statement of principle within the Constitution, statute, or case law that would establish a constitutional right to accurate documentation of a vehicular accident. Finally, Reed has not convinced the Court that Defendants' alleged conduct is so egregious that any person would know it was unconstitutional. Defendants' purported actions, if true, would be unethical and reprehensible; but Plaintiff has offered nothing convincing the Court that the actions were so egregious that *any person* would know it was unconstitutional. Even assuming Reed could establish that Defendants violated his constitutional rights, he has still not met his burden of demonstrating that the right was clearly established. *See Rehberg*, 611 F.3d at 839 (*Pearson*, 555 U.S. at 241–42). Reed has failed to offer any facts precluding Defendants' qualified immunity. Accordingly, his claims against Defendants fail as a matter of law and should be dismissed.[6]

## VI.   CONCLUSION

Accordingly, the undersigned RECOMMENDS that Officers Faulkner, Irsik, and Odom's Motion to Dismiss (Doc. 40) be GRANTED and Reed's Complaint be DISMISSED against these defendants with prejudice.

---

[6] Because qualified immunity completely immunizes Defendants, repleading would not save Reed's claims, especially because there are several other defenses which may shield these defendants from liability. For example, Defendants' statute of limitations defense could bar some of Reed's claims: the accident occurred on July 29, 2019, and Reed filed this lawsuit on July 27, 2022—over two years later. *See* Doc. 1 at 1; *see also Powell v. Thomas*, 643 F.3d 1300, 1303 (11th Cir. 2011) (holding that in Alabama, § 1983 cases are subject to a two-year statute of limitations).

Further, it is ORDERED that by **August 15, 2023**, the parties may file objections to this Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *See* 11TH Cir. R. 3–1.

DONE this 1st day of August, 2023.


/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE