IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TERRY M. REED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:22-CV-437-MHT-KFP |
| ) | |
| DENNY L. STRICKLAND, II, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the Court is a Motion to Dismiss or, in the Alternative, for Summary Judgement filed by Sheriff Russell Thomas (Doc. 35). Upon consideration of the motion, Reed's response (Doc. 53), and oral argument, the Court RECOMMENDS that Sheriff Thomas's Motion to Dismiss be GRANTED and that the case against these defendants be DISMISSED.

**I.    JURISDICTION AND VENUE**

The Court has subject matter jurisdiction over this action based on federal question jurisdiction, 28 U.S.C. § 1331, as Reed appears to allege claims under 42 U.S.C. §§ 1983, 1985, and 1986. *See Bell v. Hood*, 327 U.S. 678, 681–82 (1946) ("Jurisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action" as that determination "calls for a judgment on the merits and not for a dismissal for want of jurisdiction."). Personal jurisdiction is uncontested as to Sherriff Thomas, and the Court concludes that venue properly lies in the Middle District of Alabama. *See* 28 U.S.C. § 1391.

## II.     LEGAL STANDARD

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and each factual allegation should be "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2) & (d)(1). While detailed factual allegations are not required, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). A plaintiff must present "more than an unadorned, the defendant-unlawfully-harmed-me accusation. . . . A pleading that offers 'labels and conclusions' . . . will not do . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 544, 555, 557). Put differently, to "'state a claim to relief that is plausible on its face[,]'" a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 570). With this in mind, the court accepts the plaintiff's factual allegations as true and construes the complaint in the plaintiff's favor. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

While pro se pleadings are held to a lesser standard than those prepared by attorneys and "thus are construed liberally," *see Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008), pro se litigants still must comply with the Federal Rules of Civil Procedure, *Giles v. Wal-Mart Distribution Ctr.*, 359 F. App'x 91, 93 (11th Cir. 2009). "[T]his leniency [to pro se litigants] does not give a court license to serve as de facto counsel for a party, or to

rewrite an otherwise deficient pleading in order to sustain an action." *Odion v. Google Inc.*, 628 F. App'x 635, 637 (11th Cir. 2015).

### III. BRIEF BACKGROUND

On July 29, 2019, two collisions occurred on Henderson Highway in Troy, Alabama. *See* Docs. 1 at 4–7, 1-2. Reed was seriously injured as a result. *Id.* at 10. According to Reed's Complaint, Sheriff Thomas and Officers Rome Odom, R. Irsik, and Phillip R. Faulkner responded to and documented the collisions by preparing photographs, statements, and an accident report. *Id.* at 4–7.[1]

Proceeding pro se, Reed filed this lawsuit pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 against 21 defendants for alleged wrongdoings stemming from the accidents. Doc. 1. His Complaint seeks various forms of recovery for a purported conspiracy to violate his constitutional rights, and he seeks $15,000,000 in compensatory damages, $15,000,000 in "declaratory damages," and $15,000,000 in punitive damages. Doc. 1 at 17. Fourteen defendants filed 11 motions to dismiss,[2] and the Court issued three Recommendations that ten of these motions be granted. Docs. 56–57, 66; *see also* Doc. 53. On July 12, 2023, the Court held a hearing on Sheriff Thomas's Motion to Dismiss where Sheriff Thomas argued in favor of dismissal, but Reed failed to appear. *See* Docs. 65–66.

---

[1] A comprehensive discussion of the case background and procedural history is set forth in the Court's previous Recommendations. Docs. 56, 66.
[2] Four of the remaining seven defendants have not been served, and three have been served but have not answered or otherwise responded to the Complaint.

3

## IV. DISCUSSION

Construing the Complaint liberally,[3] Reed asserts that Sherriff Thomas is liable under § 1983 for violations of his Fourteenth Amendment rights and under §§ 1985 and 1986 for conspiring to violate those rights. Sheriff Thomas's motion seeks dismissal based on the statute of limitations, failure to state a claim, qualified immunity, fugitive disentitlement doctrine, insufficient service, and *Rooker-Feldman*. *See* Docs. 35–36.

### A. The statute of limitations bars Reed's § 1983 claim.[4]

The statute of limitations is a procedural limitation dictating timeliness of a lawsuit. It runs from the time "the facts which would support a cause of action are apparent" until its expiration. *See Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996). Once a statute of limitations has expired, the action is barred notwithstanding the merits of a lawsuit. *Arce v. Garcia*, 434 F.3d 1254, 1261 (11th Cir. 2006). Constitutional claims brought under § 1983 are tort actions "subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008). A § 1983 claim filed in Alabama is subject to a two year statute of limitations. *Id.*; *see also* Ala. Code § 6-2-38(l).

Because Reed filed his § 1983 claim in Alabama, it is subject to a two year statute

---

[3] While pro se pleadings are held to a lesser standard than those prepared by attorneys and "thus are construed liberally," *see Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008), pro se litigants still must comply with the Federal Rules of Civil Procedure, *Giles*, 359 F. App'x at 93.

[4] Sheriff Thomas's brief argues, "all claims against Sheriff Thomas are barred and precluded by the statute of limitations." *See* Doc. 36 at 12. But in support, he only cites case law discussing the statute of limitations for § 1983 claims and the Alabama code section establishing that tort claims are subject to a two year statute of limitations. *See id.* Neither his brief nor his oral argument at the hearing addressed whether the statute of limitations expired as to Reed's §§ 1985 and 1986 claims. *See* Docs. 36, 65.

4

of limitations. *See McNair*, 515 F.3d at 1173. Reed's allegations as to Sheriff Thomas stem from his alleged conduct at the scene of the July 29, 2019 accidents. *See* Doc. 1 at 4–7. Thus, the statute of limitations on this claim began running on July 29, 2019, *see Rozar*, 85 F.3d at 561, and expired on July 29, 2021, *see McNair*, 515 F.3d at 1173. Reed filed this lawsuit on July 27, 2022—nearly three years after the accident occurred and one year after the statute of limitations expired. *See* Doc. 1. Accordingly, Reed's § 1983 claim against Sherriff Thomas is barred and should be dismissed. *See Arce*, 434 F.3d at 1261.

### B. Reed fails to state a plausible conspiracy claim under §§ 1985 or 1986.

Although Reed's Complaint does not specify under which subsections he brings his § 1985 claim, the Court construes his Complaint as brought pursuant to § 1985(3).[5] To state a claim under this subsection, a plaintiff must allege "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Cream v. McIver*, No. 2:15-CV-113-FTM-29CM, 2015 WL 2168946, at *4 (M.D. Fla. May 8, 2015) (citing *Park v. City of Atlanta*, 120 F.3d 1157, 1161 (11th Cir. 1997)). Section 1986 makes liable anyone with "knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having the power to

---

[5] Subsection (1) is inapplicable, as Reed does not allege a conspiracy that prevented an officer from performing his duties. *See* § 1985(1). Subsection (2) is also inapplicable, because Reed does not allege that any defendant conspired with others to intimidate or deter witness testimony or a juror. *See* § 1985(2).

prevent or aid in preventing the commission of the same, neglects or refuses so to do." Accordingly, a § 1986 conspiracy claim is derivative of a § 1985 claim. *See Park*, 120 F.3d at 1159.

The first element of § 1985(3) requires Reed to adequately plead conspiracy. *See Cream*, 2015 WL 2168946, at *4. To state a plausible conspiracy claim, a plaintiff must show "an agreement between 'two or more persons' to deprive him of his civil rights." *Dickerson v. Alachua Cnty. Comm'n*, 200 F.3d 761, 767 (11th Cir. 2000). Moreover, a viable conspiracy claim under § 1985 requires some particularity:

> In civil rights and conspiracy actions, courts have recognized that more than mere conclusory notice pleading is required. In civil rights actions, it has been held that a complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory. In conspiracy cases, a defendant must be informed of the nature of the conspiracy which is alleged. It is not enough to simply aver in the complaint that a conspiracy existed. A complaint may be justifiably dismissed because of the conclusory, vague and general nature of the allegations of conspiracy.

*Robertson v. Alabama Dep't of Econ. & Cmty. Affs.*, 902 F. Supp. 1473, 1487–88 (M.D. Ala. 1995) (holding plaintiff failed to plead § 1985(3) claim with sufficient specificity because claim that defendants conspired to discriminate against her was vague and omitted whether defendants ever formed an agreement) (citing *Fullman v. Graddick*, 739 F.2d 553, 557 (1984)).

Reed's allegations are simply too vague to inform Sheriff Thomas of the nature of the supposed conspiracy. Reed's Complaint states that Sheriff Thomas conspired "to stage the accident to scam insurance company" and "to fabricate the accident." Doc. 1 at 4. These claims fail to sufficiently allege conspiracy because they omit with whom Sheriff Thomas

6

conspired. A person cannot conspire with himself—a sufficient conspiracy claim requires that the plaintiff show some sort of agreement was formed between two or more people. *See Dickerson*, 200 F.3d at 767. Reed also claims Officer Irsik conspired with Sheriff Thomas "and troopers to stage the accident," to falsify the accident report, and to "fabricate the investigation." Doc. 1 at 6. While these claims name another individual with whom Sherriff Thomas could have conspired, they still fail to state whether the individuals formed an agreement. This omission is fatal to Reed's conspiracy claim. *See Robertson*, 902 F. Supp. at 1487–88 (citing *Fullman*, 739 F.2d at 557). Additionally, Reed's vague allegations about the accident report and accident investigation fail to connect any conduct to the deprivation of a civil right. Because Reed failed to state a plausible claim for conspiracy, his § 1985(3) claim fails, *see Cream*, 2015 WL 2168946, at *4 (citing *Park*, 120 F.3d at 1161), as does his § 1986 claim. *See Park*, 120 F.3d at 1159. These claims are due to be dismissed.[6]

## V. CONCLUSION

Accordingly, the undersigned RECOMMENDS that Sheriff Thomas's Motion to Dismiss (Doc. 35) be GRANTED and Reed's Complaint be DISMISSED against Sheriff Thomas with prejudice.[7]

---

[6] Repleading would not save Reed's claims, as qualified immunity would likely shield Sherriff Thomas from liability for the same reasons it shielded Officers Faulkner, Irsik, and Odom. *See Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)); *see also* Doc. 66.

[7] Reed will have fourteen days to file written objections to this Recommendation, which also serves as notice and an opportunity to respond. *See Anderson v. Dunbar Armored, Inc.*, 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that magistrate judge's report and recommendation would serve as notice that claims would be sua sponte dismissed).

Further, it is ORDERED that by August 29, 2023, the parties may file objections to this Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. See 11TH Cir. R. 3–1.

DONE this 15th day of August, 2023.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE