IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TERRY M. REED, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CASE NO. 2:22-CV-437-MHT-KFP |
| DENNY L. STRICKLAND, II, et al., | ) ) ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

For the reasons below, the undersigned recommends that this case be dismissed with prejudice for failure to prosecute, failure to obey court orders, and failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**I.     PLAINTIFF'S FAILURE TO PROSECUTE AND OBEY COURT ORDERS**

This case was filed on July 27, 2022, but Denny L. Strickland II, John Paul Boswell, Lakeisha Randell, and H & E Timber Company, Inc., have not been served. Summonses were issued on November 15, 2022 (Doc. 8); however, the summonses to Denny L. Strickland II and H&E Timber Company, Inc. were returned unexecuted, and Plaintiff was notified of the unperfected service on November 23, 2022. Docs. 22, 25. The docket shows no information about the summonses issued to Randell or Boswell.

On September 20, 2023, the undersigned recommended dismissal for failure to serve these unserved defendants. *See* Doc. 72. Plaintiff objected (Doc. 73), so the undersigned withdrew the recommendation (Doc. 76). Still, Plaintiff has made no attempt to perfect service on any of the unserved defendants.

Federal Rule of Civil Procedure 4(m) provides: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." During the almost sixteen months this case has been pending, Plaintiff has had sufficient time to perfect service. And even though the undersigned recommended dismissal in September 2023 for failure to serve under Rule 4(m), Plaintiff has made no efforts at service since November 2022.

For some defendants, service is uncertain, and no responsive pleading has been filed. For example, the docket shows that Wesley Pearson was served on November 18, 2022, when an individual named "Max Kendrick" signed for a certified mail package sent to a post office box (Doc. 13), but Plaintiff was subsequently notified that service was unperfected because the certified mail was returned as undeliverable (Doc. 24). For Denny Strickland, III, the docket shows that service may have been perfected; however, he has not responded, and Plaintiff has taken no action.

The last remaining defendant, Ellise Washington, file a Motion to Dismiss on October 26, 2023. Doc. 75. The Court ordered Plaintiff to file a written response to the motion (*see* Docs. 76, 81), but Plaintiff failed to do so.[1]

Plaintiff also failed to appear at three motion hearings on July 12, December 6, and December 13, 2023. *See* Docs. 65, 84, and 87. The Court has repeatedly warned Plaintiff

---

[1] When the Court issued its first show cause order (Doc. 76), Plaintiff filed a response advising that he had not received Defendant Washington's motion. The Court then issued a second show cause order (Doc. 81) requiring Defendant Washington to send a copy of the motion to Plaintiff and extending the deadline for Plaintiff to respond. To date, Plaintiff has not responded to the motion.

that a failure to appear at a hearing would result in dismissal, yet Plaintiff has repeatedly failed to attend. *See* Doc. 76 (setting hearing on November 29), Doc. 81 (rescheduling hearing set for November 29 to December 6), and Doc. 83 (resetting December 6 hearing for December 13 after Plaintiff and Defendant Washington failed to attend). The Court's most recent Order (Doc. 83) warned that a failure to attend the hearing set for December 13 would result in a recommendation that Plaintiff's case be dismissed *in its entirety with prejudice*, and Plaintiff still chose not to attend.

The authority of courts to impose sanctions for failure to prosecute and obey court orders is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket"). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo*, 864 F.2d at 102.

Despite multiple warnings of a possible dismissal, Plaintiff has taken no action to perfect service on the unserved defendants, taken no action against the non-responding parties, disobeyed the Court's order to file a response to a pending motion, and failed to appear at three hearings. Thus, the undersigned concludes this case should be dismissed with prejudice for Plaintiff's failure to prosecute and obey court orders.

## II. FAILURE TO STATE A CLAIM

In her pending Motion to Dismiss (Doc. 75), Defendant Washington argues that the claims against her are due to be dismissed for failure to state a claim under Rule 12(b)(6). The Complaint alleges that Washington, who represented Reed in a civil lawsuit filed in connection with an automobile accident, conspired with Judge Sonny Regan, a former defendant, and an attorney who was not sued in this action. Specifically, Reed alleges that Washington failed to place evidence in the record, investigate certain facts, file a motion regarding his competence, and request consolidation of his case with another case and, further, that she concealed or mishandled evidence, manipulated him into settlement, and withheld settlement money.

The Court can discern no federal cause of action from these allegations. Even assuming the allegations amounted to a constitutional violation, Defendant Washington is not a state actor, so Plaintiff's claims against her fail for the reasons stated in the Court's Recommendation of June 9, 2023, addressing the claims against the other private defendants sued by Plaintiff. *See* Doc. 56 at 11–19. Finally, to the extent Plaintiff asserts state claims against Defendant Washington, because the Complaint contains no federal cause of action, there is no basis for the Court to assert subject matter jurisdiction over any of those claims.

## III. CONCLUSION

Accordingly, the undersigned RECOMMENDS that this case be dismissed in its entirety WITH PREJUDICE based on Plaintiff's failure to prosecute and failure to obey court orders. As an additional ground for dismissal of the claims against Defendant

Washington, the undersigned recommends that those claims be dismissed with prejudice for failure to state a claim under Rule 12(b)(6).

Further, it is ORDERED that by **January 2, 2024,** the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *See* 11TH CIR. R. 3–1.

DONE this 19th day of December, 2023.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE