IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
TERRY M. REED,                  )
                                )
    Plaintiff,                  )
                                )    CIVIL ACTION NO.
    v.                          )     2:22cv437-MHT
                                )         (WO)
DENNY L. STRICKLAND, II,        )
 et al.,                        )
                                )
    Defendants.                 )
```

OPINION

Plaintiff Terry M. Reed filed this lawsuit asserting claims that the defendants conspired to violate his constitutional rights or otherwise wronged him following a wreck that resulted in the deaths or serious injury of several people.  This lawsuit is now before the court on the recommendation of the United States Magistrate Judge (Doc. 88) that the case be dismissed with prejudice.  In particular, the magistrate judge recommends that the claims against defendants Denny L. Strickland, II; Denny L. Strickland, III; John Paul Boswell; Wesley Lavon Pearson, Jr.; Lakeisha Randell; and H & E Timber Company, Inc. be dismissed for plaintiff's failure to prosecute

and failure to obey court orders, and that defendant Ellise Washington's motion to dismiss for failure to state a claim (Doc. 75) be granted, and the claims against her be dismissed with prejudice. Also before the court are Reed's objections to the recommendation (Doc. 89).

After an independent and de novo review of the record, the court concludes that Reed's objections should be overruled and the magistrate judge's recommendations adopted, with a minor exception. Because the recommended dismissal of plaintiff's claims against defendant Washington is based on the lack of a federal claim and the lack of subject-matter jurisdiction over any possible state-law claim, the dismissal of any state-law claims against Washington will be without prejudice to allow plaintiff to pursue a claim in state court should he choose to do so. As to the dismissal of the remaining defendants, in his objections, plaintiff focused almost entirely on his claim against Washington, and failed to address the magistrate judge's findings about his failure

2

to attend court hearings and to comply with court orders. While it appears that on one occasion, he provided a medical excuse for not attending (Doc. 86) a hearing, he does not appear to have notified the court of his inability to attend hearings in general.  Therefore, the court agrees with the magistrate judge that his remaining claims should be dismissed with prejudice.

An appropriate judgment will be entered.

DONE, this the 31st day of January, 2024.

                            /s/ Myron H. Thompson
                        UNITED STATES DISTRICT JUDGE